IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| REGINALD RONALD RAINEY, II | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-441 |
| FNU JANUARY, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Reginald Ronald Rainey, II, an inmate confined at the Mark Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants FNU January and John Doe.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

Plaintiff filed the above-referenced complaint on October 13, 2022 (doc. # 1). On October 14, 2022, the undersigned ordered Plaintiff to file an application to proceed *in forma pauperis* accompanied with a certified income trust statement for the preceding six month period (doc. # 3).[1] Plaintiff received a copy of the order on October 24, 2022 (doc. # 4). More than ample time has passed, yet the court has yet to receive the filing fee nor an application to proceed *in forma pauperis* accompanied with a certified income trust statement for the preceding six month period. This court has received no further communication from Plaintiff.

---

[1] On the same day as filing his complaint, Plaintiff filed a TDCJ trust fund banking history that was a print out dated July 18, 2022. The statement was not certified nor provided Plaintiff's six month average balance or deposits as required. Plaintiff also failed to file an application to proceed *in forma pauperis*.

### Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

Plaintiff has failed to comply with the order entered October 14, 2022, and has also to failed to otherwise correspond with the court. Plaintiff has failed to diligently prosecute this case.

### Recommendation

This civil rights action filed pursuant to 42 U.S.C. § 1983 should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

### Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SIGNED this the 6th day of December, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE